# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

IRMA JEAN CARTER, individually
and on behalf of the deceased
TERRANCE CARTER, CHRISTA            CIVIL ACTION
CARTER, individually and as
Mandatary, DOES 1-5

VERSUS

                                    NO. 17-00201-SDD-RLB

N. BURL CAIN, former Warden,
JAMES LEBLANC, Secretary of
the Department of Corrections, et al.

## RULING

Before the Court is a *Motion to Dismiss* filed by Defendants, James LeBlanc, Secretary of the Department of Corrections, Darryl Vannoy, Warden at the Louisiana State Penitentiary, Leslie Dupont, Deputy Warden of the Louisiana State Penitentiary, James Cruze, Assistant Warden at the Louisiana State Penitentiary, Barrett Boeker, Assistant Warden at the Louisiana State Penitentiary, and Jonathan London, Assistant Warden at the Louisiana State Penitentiary (collectively, "Defendants").[1]  Plaintiffs, Irma Jean Carter, Christa Carter, and Does 1-5, filed an *Opposition* to which Defendants have filed a *Reply*.[2]

Plaintiffs filed this "civil rights wrongful death/survival action" under 42 U.S.C. §§ 1983 and 1988 on behalf of Terrance Carter in which they assert claims on his behalf as well as themselves.[3]  Plaintiff Irma Jean Carter is Mr. Carter's mother, who allegedly "has assigned her legal rights, including the right to bring a lawsuit, to her daughter, Christa

---

[1] Doc. 24.  These are not the only named Defendants in this suit; however, the Motion is only brought on behalf of these six Defendants.
[2] Doc. 28 and Doc. 32.
[3] Doc. 1, p. 2.  Plaintiffs also bring their wrongful death/survival action under 42 U.S.C. §§ 12131 and 12205, the Eighth and Fourteenth Amendments to the United States Constitution, Section 504 of the Rehabilitation Act of 1973, and Title II of the Americans with Disabilities Act of 1990.

Carter."[4]  Plaintiff Christa Carter is Mr. Carter's sister, and asserts that she is bringing claims on behalf of herself and on behalf of Irma Jean Carter as her mandatary.[5] Additionally, Plaintiffs Does Carter 1-5 are also Mr. Carter's siblings.[6]  The Plaintiffs assert that their claims are brought pursuant to "Louisiana Civil Code of Procedure [sic] Articles 2315.1, 2315.2, which provide for survival, wrongful death, and negligence actions."[7]

When a plaintiff brings a 42 U.S.C. § 1983 action, the courts look to state law to determine who is entitled to recover.[8]  Louisiana Civil Code articles 2315.1 and 2315.2 control who has capacity to sue in survival actions and wrongful death actions, respectively.  Both statutes establish a hierarchy of classes of beneficiaries.  Surviving spouses and children have priority over all other classes of plaintiffs to recover damages on behalf of a decedent.[9]  A surviving parent can only bring survival and wrongful death actions if the decedent left no spouse or surviving child.  "Louisiana courts have held that, in order for an inferior beneficiary, i.e. parent and/or sibling, to bring a cause of action for survival and/or wrongful death, the beneficiary must affirmatively negate the existence of primary beneficiaries in his or her pleadings."[10]  Importantly, an "inferior beneficiary's assertion that he or she has the capacity to recover under a survival and/or wrongful death action is a *substantive matter*, rather than a mere procedural question of pleading."[11]

---

[4] Doc. 1, p. 3.
[5] Doc. 1, p. 3.
[6] Doc. 1, p. 3.
[7] Doc. 1, p. 3.
[8] *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004).  *See also, Rhyne v. Henderson Cnty.*, 973 F.2d 386, 391-91 (5th Cir. 1992).
[9] La. C.C. art. 2315.1(A)(1); La. C.C. art. 2315.2(A)(1).
[10] *Briggs v. Phebus*, Civil Action No. 12-2145, 2012 WL 5906873, *3 (E.D. La. Nov. 26, 2012)(citing *Trahan v. S. Pac. Co.*, 209 F.Supp. 334, 336-37 (W.D. La. 1962)(citing *Smith v. Monroe Grocery Co.*, 171 So. 167 (1936); *Horrell et al. v. Gulf & Valley Cotton Oil Co.*, 131 So. 709 (1930)).
[11] *Id.* (citing *Trahan*, 209 F.Supp. 344, 336-37)(emphasis added).

In this case, the Court finds that Plaintiffs' *Complaint* fails to affirmatively negate the existence of any primary beneficiaries (i.e., spouse or children) who can bring a survival or wrongful death action on behalf of the decedent, Mr. Carter, or on the primary beneficiaries' own behalves. Accordingly, the Court finds that Plaintiffs' *Complaint* is deficient, and that the Plaintiffs have not properly stated their survival and wrongful death claims.

The Court hereby orders Plaintiffs to file an amended complaint, solely limited to the deficiency addressed herein, within 21 days of this *Ruling*. Failure to comply shall result in the dismissal of this action.

It is further ordered that the Defendants' *Motion to Dismiss* is hereby denied without prejudice.[12] If Plaintiffs comply with this Court's *Ruling*, the Defendants shall have 14 days to reurge their *Motion to Dismiss*. From the date the Defendants re-urge their *Motion*, Plaintiffs shall have 14 days to file an *Opposition*. From the date the Plaintiffs file their *Opposition*, the Defendants shall have 7 days to file a *Reply*.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>March 13, 2018</u>.

_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[12] Doc. 24.