UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **IRMA JEAN CARTER, individually, and on behalf of the deceased TERRANCE CARTER, CHRISTA CARTER, individually and as mandatary, DOES 1-5.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-201-SDD-RLB** |
| **N. BURL CAIN, former Warden Louisiana State Penitentiary, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 6, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **IRMA JEAN CARTER, individually, and on behalf of the deceased TERRANCE CARTER, CHRISTA CARTER, individually and as mandatary, DOES 1-5.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-201-SDD-RLB** |
| **N. BURL CAIN, former Warden Louisiana State Penitentiary, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs initiated this civil rights wrongful death/survival action on March 31, 2017 which was amended on April 7, 2017, naming as defendants James Leblanc, N. Burl Cain, Darryl Vannoy, Leslie Dupont, James "Jimmy" Cruze, Barrett Boeker, Jonathon London, FNU Manzina, Jane Doe 10, Does 11 through 20, Does 21 through 30 and Does 31 through 40. (R. Docs. 1, 4). On April 12, 2017 summons were issued for James Leblanc, N. Burl Cain, Darryl Vannoy, Leslie Dupont, James "Jimmy" Cruze, Barrett Boeker, Jonathon London, FNU Manzina. (R. Doc. 13). The executed returns on defendants James Leblanc, Darryl Vannoy, Leslie Dupont, James "Jimmy" Cruze, Barrett Boeker and Jonathon London were filed on April 27, 2017. (R. Docs. 15-20). Defendants James Leblanc, Darryl Vannoy, Leslie Dupont, James "Jimmy" Cruze, Barrett Boeker and Jonathon London filed a Motion to Dismiss (R. Doc. 24). Ruling on the motion to dismiss was entered on March 14, 2018. (R. Doc. 46). Plaintiffs filed an Amended Complaint on April 3, 2018. (R. Doc. 47). Defense counsel filed a Motion to Dismiss on behalf of Barrett Boeker, N. Burl Cain, James Cruze, Leslie Dupont, James M. LeBlanc, Jonathon London and Darrel Vannoy on April 16, 2018 which is currently pending. (R. Doc. 48).

A review of the Court's Docket Sheet reflects there is no service return on defendant FNU Manzina, Assistant Warden.  The Joint Status Report (R. Doc. 26 ) filed on June 7, 2017 states that  "Two Defendants no longer employed with the Louisiana Department of Corrections, N. Burl Cain and Chad Manzina, have not yet been served. Plaintiff anticipates that discovery will reveal the identity of currently- unknown doe defendants.  Plaintiff will supplement its pleadings on discovery of doe identities."

Plaintiffs were then ordered to show cause, in writing, why their claims asserted against defendant FNU Manzina, Assistant Warden, should not be dismissed because of their failure to serve this defendant within the time allowed by Fed. R. Civ. P. Rule 4(m). (R. Doc.36).  The plaintiffs filed a response to the Court's show cause order. (R. Doc. 37).  In the response, the plaintiffs stated that "Plaintiffs have been unable to locate the identity or residence of former-Assistant Warden Manzina and agree that the Court should dismiss said Defendant from the suit without prejudice."

Rule 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Local Rule 41(b)(1)(A) provides that a civil action may be dismissed by the court for lack of prosecution "[w]here no service of process has been made within 120 days after filing of the complaint."

As a practical matter, the case cannot proceed against a defendant if the plaintiff does not prosecute it and effectively deprives a defendant of the opportunity to defend itself from the allegations made against it.  In addition, plaintiffs' response (R. Doc. 37) agrees that the Court should dismiss defendant FNU Manzina, Assistant Warden, from the suit without prejudice.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaints be dismissed against defendant FNU Manzina, Assistant Warden, without prejudice pursuant to Rule 4 of the Federal Rules of Civil Procedure and Local Rule 41(b)(1)(A) for failure to serve and failure to prosecute.

Signed in Baton Rouge, Louisiana, on February 6, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**